## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

**ELIZABETH BAKER,** *Individually,*
*and on behalf of others similarly situated*,

 Plaintiff,

         v.                      No._____

**TA OPERATING LLC**,
*a Delaware Limited Liability Company*,     FLSA Opt-in Collective Action
                                                          **JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Elizabeth Baker ("Plaintiff" or "Ms. Baker"), individually, and on behalf of others similarly situated, files this Collective Action Complaint, averring as follows:

### INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (FLSA). It is brought on behalf of all individuals Defendant TA Operating LLC, ("Defendant") employed as an hourly-paid service advisor ("the putative class" or "those similarly situated") within the United States at any time during the three (3) year period preceding the filing of this Complaint, up to and including the present. This Complaint seeks redress for "off-the-clock" overtime compensation. Plaintiff seeks to recover unpaid wages owed to her and the putative class. These claims are unified by common theories of FLSA violations.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant in this District and Defendant has conducted business within this District at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Ms. Baker is a resident of Tennessee and worked for Defendant as an hourly-paid service advisor within this District during the three-year period immediately preceding the filing of this Collective Action Complaint. Ms. Baker also worked for Defendant an hourly-paid service advisor in West Memphis, Arkansas. Plaintiff Baker's Consent to Join this collective action is attached hereto as *Exhibit A*.

5. Defendant TA Operating LLC is a Delaware Corporation and has its principal offices at 24601 Center Ridge Road, Westlake, Ohio 44145-5634. According to the Tennessee Secretary of State, it may be served with process via its registered agent: Corporation Service Company, 2908 Poston Ave, Nashville, Tennessee 37203-1312.

6. Defendant owns and operates numerous TA Travel Center and Petro Travel Center facilities across the United States where it employs individuals, such as Ms. Baker, as hourly-paid service advisors.

## FACTUAL BASIS FOR SUIT

7. During the three (3) year period prior to the filing of this Complaint, Plaintiff was employed

        by and worked for Defendant as an hourly-paid service advisor employee at its Petro Travel Center location in West Memphis, Arkansas and its TA Travel Center facility in Denmark, Tennessee.

8. Plaintiff and the putative class routinely were scheduled to work at or above forty (40) hours per week throughout all times material to this action.

9. For example, Ms. Baker was typically scheduled to work from 8:00 am to 5:00 pm, Monday through Friday, though she often was scheduled for more and/or worked more. These are typical of the hours a full-time service advisor employee works.

10. However, Plaintiff and the putative class were not paid for all time they worked.

11. Defendant has a de facto policy, common practice, and plan of inducing, expecting, and suffering, permitting, and/or requiring Plaintiff and similarly situated hourly-paid service advisor employees to work "off-the-clock" during all relevant times herein.

12. More specifically, Plaintiff and the putative class were expected, induced, and suffered and permitted to work past the end of their scheduled shift times (after being "clocked-out") without being compensated for such "off-the-clock" work.

13. This happened to Plaintiff personally at both the West Memphis, Arkansas and Denmark, Tennessee facilities where she worked.

14. Not only did this happen to her at both locations, it also happened to other putative class members.

15. Defendant's management required Plaintiff and putative class members to perform this "off the clock" work.

16. This policy/practice of not paying Plaintiff and putative class members for this "off-the-clock" overtime was a scheme to save payroll costs and payroll taxes, all for which

      Defendant has unjustly enriched itself from and enjoyed ill gained profits at the expense of Plaintiff and the putative class.

17. Not only did it fail to pay all wages required under the FLSA, Defendant failed to accurately record all work hours and time performed by Plaintiff and class members as required by the FLSA, 29 C.F.R. §516.2(a)(7).

18. By its failure to record accurately all the time worked by Plaintiff and putative class members within weekly pay periods during all times relevant, Defendant willfully failed to compensate them for all such time at the applicable overtime rates of pay, as required by the FLSA.

19. Defendant knew, and was aware at all relevant times, that it was not recording all of the work hours and compensable time of Plaintiff and class members, without a good faith basis for such failure.

20. Defendant's actions violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

21. As a result of Defendant's bad faith and willful failure to pay Plaintiff and putative class members in compliance with the FLSA, Plaintiff and putative class members have suffered lost wages in terms of unpaid overtime compensation, as well as other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this case as a collective action on behalf herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

23. The putative class is defined as:

> All individuals who worked at least one (1) week as a "full-time" hourly-paid service advisor employee for Defendant at any of its Petro Travel Center and/or TA Travel Center within the United States during the three (3) years preceding the filing of this action

      through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).[1]

24. Plaintiff seeks to pursue these unpaid overtime claims on behalf of herself, individually, and on behalf of all other similarly situated employees as a class.

25. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common practice that resulted in a failure to pay Plaintiff and putative class members for all the aforementioned "off-the-clock" work.

26. This action is also properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's timekeeping, payroll and operational policies, practices, and plans. Plaintiff and the putative class were subjected to Defendant's de facto policy/practice of expecting, inducing, and suffering and permitting them to work "off-the-clock" after their scheduled shifts, as hereinbefore described.

27. Defendant, thorough its management team, knew Plaintiff and class members performed "off-the-clock" work that required additional overtime compensation to be paid. Nonetheless, it operated under a common de facto policy, practice, and plan to deprive Plaintiff and class members of such FLSA required overtime compensation.

28. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the putative class.

29. Plaintiff requests this Court to authorize notice to the members of the putative class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

        pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

30. Plaintiff estimates there are several hundred putative members of the putative class. The precise number of putative class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's facilities where putative class members work in the United States.

### COUNT I
### (Violation of the Fair Labor Standards Act)

31. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

32. At all relative times, Plaintiff and putative class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

33. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

34. At all relevant times, Plaintiff and putative class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

35. Plaintiff and putative class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

36. As a result of Defendant's common unlawful practice, Plaintiff and putative class members were not paid their full overtime wages, as required by the FLSA.

37. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at

least one-and-one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

38. Through its actions, de facto policies, practices, and plans, as previously described, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and putative class members for all "off-the-clock" overtime hours worked.

39. The foregoing actions of Defendant violated the FLSA.

40. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

41. Defendant's actions were not in good faith.

42. Plaintiff and putative class members' "off the clock" claims are unified by a common FLSA violation.

43. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and putative class members have suffered, and will continue to suffer, a loss of income and other damages.

44. Therefore, Defendant is liable to Plaintiff and putative class members for their actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the putative class, requests the Court to enter judgment in their favor on this Complaint and:

A. Award Plaintiff and the putative class all unpaid overtime wages;

B. Find and declare that Defendant's violations of the FLSA were willful, and accordingly, that a three-year statute of limitations under the FLSA applies to this action;

C. Award Plaintiff and the putative class liquidated damages in accordance with the FLSA;

D. Award pre-judgment interest (to the extent that liquidated damages are not awarded);

E. Award Plaintiff and the putative class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. Award post-judgment interest and court costs as allowed by law;

G. Enter an Order designating this action as an Opt-in collective action under the FLSA;

H. Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

I. Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

J. Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

K. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: April 6, 2022                         Respectfully submitted,

*/s/ Robert E. Morelli, III*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #035364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF & THE COLLECTIVE*

9